**Richard Ben MARTIN, Appellant,**

v.

**Charles E. SKELTON, Appellee.**

No. 17973.

Court of Civil Appeals of Texas, Fort Worth.

June 1, 1978.

Rehearing Denied June 29, 1978.

Hogan, Fudge & Elder and W. Bernard Fudge, Wichita Falls, for appellant.

Elmer H. Parish, Wichita Falls, for appellee.

## OPINION

SPURLOCK, Justice.

This case involves an option to purchase real estate for a term of five years. Appellant (Martin) notified appellee (Skelton) by letter that he was exercising his option for two acres out of a larger tract of twenty acres, but this exercise and tender of payment was refused by appellee. Appellant then sought to exercise the option as to the entire twenty acres of land, but once again, appellee refused. After a non-jury trial, the court rendered judgment that plaintiff was not entitled to any specific performance. Appellant has perfected his appeal.

We affirm in part and reverse and remand in part with instructions.

By his first point of error, appellant contends that the "trial court erred in finding that the option contract was dated and thus by inference executed on the 1st day of July, 1971, since there was no evidence to support that fact."

■ In considering a "no evidence" point, we must view the "evidence in its most favorable light in support of the finding of the vital fact, considering only the evidence and the inferences which support the finding and rejecting the evidence and the inferences which are contrary to the finding." Calvert, *"No Evidence"* and *"Insufficient Evidence" Points of Error*, 38 Tex.L.Rev. 361, 364 (1960).

The option contract provides that it is to run for "five (5) years from date hereof". The following sentence is located above the signature lines in the option contract: "Witness our hands this 1st day of July, 1971."

■ Appellant places great emphasis upon the fact that the acknowledgment is dated the 23rd of July, 1971. That emphasis, however, is misplaced in that an acknowledgment only makes an instrument recordable in the County Clerk's office under the provisions of Tex.Rev.Civ.Stat.Ann. art. 6626 (Supp.1978); it does not indicate

when the instrument itself was signed. We overrule appellant's "no evidence" point; we hold that the option contract itself supports the finding of the trial court that the option contract was dated and executed on July 1, 1971.

■ By his second point of error, appellant contends that the trial court erred in finding that the option contract expired as of midnight, June 30, 1976. The option contract provides that it may be exercised by buyer "on or before five (5) years from date hereof, for the sum of $1,000.00 per acre". As mentioned above, the following sentence appears above the signature lines: "Witness our hands this 1st day of July, 1971." We overrule this point of error; we hold that the option expired on June 30, 1976.

■ Because of the similarity of the legal issues raised by appellant's third and fifth points of error, we shall discuss them together. By his third point of error, appellant basically contends that the trial court erred in finding as a matter of law that the plaintiff is not entitled to specific performance of the option contract insofar as the two (2) acre tract of land described in the letter dated June 29, 1976, is concerned, since the defendant (appellee) did not receive the letter until July 6, 1976. By his fifth point of error, he contends that the trial court erred in finding as a matter of law that appellant was not entitled to specific performance of the option contract to the extent of the two acres, in that the trial court found that the contract did not authorize the appellant to exercise the option by way of letter.

The trial court made (inter alia) the following important findings of fact: (1) appellant (plaintiff) mailed a letter dated June 29, 1976, to appellee (defendant) whereby appellant stated that he was exercising the option with respect to the two acres of land described in said letter; (2) appellant mailed two copies of said letter to the appellee; one letter was sent "regular mail or hand delivered to Defendant's box, and one being mailed by certified mail, return receipt requested. *The non-certified letter was either hand delivered by Plaintiff to Defendant's box on June 29, 1976 or delivered by Postal Authorities to Defendant's box on June 30, 1976 and that Defendant was then on vacation and not at home, and the certified letter was signed for and received by Defendant on July 6, 1976 when Defendant returned home from vacation."* (Emphasis added.)

Appellee-defendant has not complained of the trial court's findings of fact. As the above findings of fact clearly indicate, the trial court found that the letter dated June 29, 1976 was delivered on either June 29 or June 30, 1976. Under either of those two dates, we hold that the option was timely exercised as to the two acres of land.

The evidence and the court's findings of fact clearly demonstrate that the appellee was out-of-town on vacation, thus making it impossible for him to be given personal notice of the exercise of the option that he had granted. Also, the evidence clearly demonstrates that appellant did not know the appellee's exact whereabouts in order to give personal notice.

Here the option contract did not seek to limit or define the methods by which the appellant could timely exercise the option.

It has been held that the failure of the holder of the option to comply strictly with the terms or conditions of the option will be excused when such failure is caused by the conduct of the person who granted the option. *Jones v. Gibbs*, 133 Tex. 627, 130 S.W.2d 265, 272 (Tex.Comm'n.App.1939, opinion adopted). However, in the case at bar, appellant has complied with the terms of the option contract as to the two-acre tract of land described in the June 29, 1976 letter, in that personal notice is not required by the terms of the option contract. Here, appellee failed to receive actual notice at the exact time of exercise only because he was out-of-town. Under these circumstances, we hold that the June 29, 1976 letter was a reasonable method available to the appellant who wanted to timely exercise his option and his actions were a sufficient discharge of his duty. Also, we

hold that under these circumstances, it is irrelevant that appellee did not read the June 29th letter until he returned from vacation on July 6, 1976. We sustain appellant's third and fifth points of error.

By his sixth point of error, appellant contends that the trial court erred in finding as a matter of law that he was not entitled to specific performance as to the two-acre tract of land in that the trial court concluded that the option contract failed to state by whom or in what manner the selection of a lesser acreage out of the twenty acre tract of land was to be made.

In the option contract, the "party of the second part" is the purchaser. The contract provides: "It is agreed that during said five (5) year option the PARTY OF THE SECOND PART may purchase *one (1) or more acres* or the total twenty (20) acres *upon PARTY OF THE SECOND PART'S option.*" (Emphasis added.)

We hold that the above-quoted provision in the option contract clearly provides that the selection of any acreage of less than twenty acres was at the option of the purchaser; i. e., the appellant.

In passing upon appellant's sixth point of error, we are also faced with the issue as to whether the option contract and the June 29, 1976 letter exercising the option as to the two acres satisfy the statute of frauds.

In the option contract, the twenty-acre tract of land was identified by a complete legal description.

Chief Justice Massey, speaking for this court in *Best Building Company v. Sikes*, 394 S.W.2d 57, 62 (Tex.Civ.App.—Fort Worth 1965, writ ref'd n. r. e.) wrote:

"It appears that existence in one party of an unqualified right of determination or selection of an amount and location of premises (within an area certainly ascertainable) meets the requirements of the Statute of Frauds where there is no necessity of any further agreement or approval by the other party."

Since the appellant here had the right to carve out a smaller tract of land out of the larger tract, we hold that the option contract complied with the statute of frauds.

In determining whether the June 29, 1976 letter exercising the option as to the two-acre tract of land satisfies the statute of frauds, we must look at the language in that letter, which describes the twenty-acre tract as "Tract No. 1".

The crucial part of that letter is as follows:

"I desire to exercise my option with respect to Tract No. 2 and hereby give you notice thereof. Tract No. 2 is to be as nearly in the form of a square as may be surveyed and is to have 297 feet along the East line and 297 feet along the South line of Tract No. 1."

At the trial, a registered public surveyor testified that he had located and surveyed the precise two-acre tract of land, based upon the description given in the letter.

We hold that the land described in the June 29, 1976 letter complied with the statute of frauds. Accordingly, we sustain the appellant's sixth point of error and hold that appellant was entitled to specific performance as to the two-acre tract of land.

By his fourth point of error, appellant basically contends that the trial court erred in finding that he was not entitled to specific performance of the option contract as to the remaining eighteen acres of land, since the trial court concluded that a July 23, 1976 letter was not timely.

After appellee "rejected" appellant's exercise as to the two-acre tract of land, appellant sought to exercise the option as to the entire twenty acres by letter dated July 23, 1976. This attempted exercise on July 23rd was not timely, in that (as the trial court and we have concluded) the last day of the five year option term was June 30, 1976. We overrule appellant's sixth point of error.

We affirm in part and reverse and remand the case in part with instructions to the trial court to order specific performance as to the two acre tract of land upon tender of $2,000.00 by appellant within thirty days from the date that the mandate is issued.